UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

EMMETT CALDWELL,

    Plaintiff,

v.                                     Case No.:   2:22-cv-215-SPC-MRM

LAND & HABITAT
CONSERVATION, INC.,
TIMOTHY PENNY, LEE COUNTY
CLERK OF COURT, JOHN DOE,
and FIRST AMERICAN TITLE
INSURANCE CO., INC.,

    Defendants.
_____/

## OPINION AND ORDER[1]

Before the Court is Plaintiff Emmett Caldwell's pro se Complaint. (Doc. 1). As best the Court can tell, Caldwell's suit concerns a real property dispute. He alleges that errors were made by the Defendants in signing and recording a deed for a piece of property Caldwell wanted to sell to Land & Habitat Conservation. He alleges fraud by purported purchasers and by a title company that knew that the deed was void. He alleges that the recorded deed was a "mock-up training deed" for training a Land & Habitat Conservation

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

employee, Timothy Penny. Penny signed and notarized the training deed as part of a training test for a job he applied for with Habitat. But Penny changed his mind about taking the job and did not mail the training deed to Habitat. The training deed somehow ended up in the hands of the Lee County Clerk who recorded the deed. But Penny was not an employee of Habitat, nor was he authorized to sign on its behalf. In the end, Caldwell alleges that because he could not sell the property, it is listed in his name, and he has been stuck with the tax bill. He claims damages totaling $500,000, severe emotional distress, and asks the Court to strike or void the deed.

Pleading deficiencies aside, federal courts have limited jurisdiction and must ask about their jurisdiction sua sponte when—as here—it is lacking. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). A plaintiff filing in federal court "must allege facts that, if true, show federal subject matter jurisdiction over [the] case exists." *Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1268-69 (11th Cir. 2013). If a court decides it has no jurisdiction, it "must dismiss the compliant in its entirety." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).

Plaintiff cites diversity jurisdiction as the basis for the Court's subject matter jurisdiction. A court has diversity jurisdiction if the parties are citizens of different states and the amount in controversy exceeds $75,000. *Morrison*

2

*v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000). The Complaint satisfies neither requirement. It alleges that Plaintiff resides outside the United States, that Habitat is a North Carolina corporation, and that others are "defendants in Florida." (Doc. 1 at 1). And although the Complaint claims it demands over $75,000, the allegations do not support such a contention. (Doc. 1 at 1). Caldwell—and disputes about this property—are no stranger to this Court.[2] In 2018, Caldwell removed a dispute about the same piece of property to this Court for the second time. *See* No. 2:19-cv-33-JES-CM. That case involved a dispute about Caldwell's sale of the property to a third-party. The case was remanded for lack of subject-matter jurisdiction because Caldwell purchased the property for around $8,000 and the purchase price under the sales contract was $30,000, less than the jurisdictional threshold for diversity jurisdiction. With that in mind, it simply isn't clear how Defendants' actions that saddled Caldwell with this property caused him damages exceeding $75,000 when the Complaint was filed.

Because the parties are not diverse and the amount in controversy is less than $75,000, the Court dismisses without prejudice the Complaint for no subject matter jurisdiction.

---

[2] In fact, a Pacer search shows that Caldwell has blanketed federal courts across the country with pro se lawsuits over the past two decades. A case pending in the District of Puerto Rico names Habitat as a co-plaintiff with Caldwell, sharing the same mailing address, making the Court even more skeptical that the parties are diverse. *See Caldwell v. The Vessel*, 3:19-cv-2062-SCC (D. P.R.)

Accordingly, it is now

**ORDERED:**

1. The Complaint (Doc. 1) is **DISMISSED without prejudice** for lack of subject-matter jurisdiction.

2. The Motion to Proceed In Forma Pauperis (Doc. 2) is **DENIED as moot.**

3. The Clerk is **DIRECTED** to enter judgment accordingly and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on April 8, 2022.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record

4